IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN, EASTERN, WESTERN, AND SOUTHERN DIVISIONS

In re: Atlantic Coast Pipeline cases )
_____ )

No. 2:18-CV-3-BO; No. 4:18-CV-11-BO; No. 4:18-CV-12-BO; No. 4:18-CV-13-BO;
No. 4:18-CV-15-BO; No. 4:18-CV-21-BO; No. 4:18-CV-33-BO; No. 4:18-CV-34-BO
No. 4:18-CV-35-BO; No. 4:18-CV-36-BO; No. 4:18-CV-37-BO; No. 4:18-CV-66-BO;
No. 4:18-CV-67-BO; No. 4:18-CV-87-BO; No. 4:18-CV-184-BO; No. 5:18-CV-13-BO;
No. 5:18-CV-39-BO; No. 5:18-CV-42-BO; No. 5:18-CV-47-BO; No. 5:18-CV-48-BO;
No. 5:18-CV-49-BO; No. 5:18-CV-79-BO; No. 5:18-CV-127-BO; No. 5:18-CV-129-BO;
No. 5:18-CV-258-BO; No. 5:18-CV-261-BO; No. 5:18-CV-304-BO; No. 5:18-CV-309-BO;
No. 5:18-CV-310-BO; No. 5:18-CV-311-BO; No. 5:18-CV-312-BO; No. 5:18-CV-313-BO;
No. 5:18-CV-314-BO; No. 5:18-CV-315-BO; No. 5:18-CV-316-BO; No. 5:18-CV-318-BO;
No. 5:18-CV-319-BO; No. 5:18-CV-320-BO; No. 5:18-CV-322-BO; No. 5:18-CV-360-BO;
No. 5:18-CV-361-BO; No. 5:18-CV-362-BO; No. 5:18-CV-363-BO; No. 5:18-CV-365-BO;
No. 5:18-CV-386-BO; No. 5:18-CV-387-BO; No. 5:18-CV-388-BO; No. 5:18-CV-413-BO;
No. 5:18-CV-414-BO; No. 5:18-CV-425-BO; No. 5:18-CV-426-BO; No. 5:18-CV-427-BO;
No. 5:18-CV-555-BO; No. 7:18-CV-131-BO

## ORDER

Plaintiff Atlantic Coast Pipeline (ACP) brought these condemnation cases pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Fed. R. Civ. P. 71 against various tracts of lands and individuals. Now pending before the Court are motions to stay proceedings which were filed by defendants in twenty-seven cases.[1] The motions to stay are based upon the challenges to ACP's project and Federal Energy Regulatory Commission (FERC) certificate that are ongoing in the courts of appeals, and the uncertainty concerning the mandatory conditions of

---

[1] No. 4:18-CV-13-BO; No. 4:18-CV-35-BO; No. 4:18-CV-36-BO; No. 4:18-CV-66-BO; No. 4:18-CV-67-BO; No. 5:18-CV-79-BO; No. 5:18-CV-129-BO; No. 5:18-CV-309-BO; No. 5:18-CV-310-BO; No. 5:18-CV-311-BO; No. 5:18-CV-312-BO; No. 5:18-CV-313-BO; No. 5:18-CV-314-BO; No. 5:18-CV-315-BO; No. 5:18-CV-316-BO; No. 5:18-CV-318-BO; No. 5:18-CV-319-BO; No. 5:18-CV-320-BO; No. 5:18-CV-322-BO; No. 5:18-CV-360-BO; No. 5:18-CV-361-BO; No. 5:18-CV-362-BO; No. 5:18-CV-365-BO; No. 5:18-CV-386-BO; No. 5:18-CV-413-BO; No. 5:18-CV-414-BO; No. 5:18-CV-426-BO; No. 7:18-CV-131-BO.

the FERC certificate. ACP has noted in its response in opposition that it does not oppose a thirty-day stay. *See, e.g.* No. 5:18-CV-426-BO [DE 25 at 13-14].

For good cause shown, and in light of ACP's agreement that a limited stay would be appropriate, the motions to stay are GRANTED. *See also See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). For the efficient administration of justice, the stay will apply to ALL pending ACP condemnation cases. The stay will expire on March 1, 2019, subject to further order of the Court. A status hearing will be conducted prior to the expiration of the stay and will be set by separate notice. Finally, the clerk shall serve this order via CM/ECF on all parties who have appeared through counsel and via U.S. Mail on any defendant who has appeared *pro se*; non-appearing defendants will not be served.

SO ORDERED, this 25 day of January, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2